United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 19-17087-amc
Johntel Clark                                                       Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1              Date Rcvd: Mar 06, 2020
                              Form ID: 318             Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 08, 2020.
```
db              Johntel Clark,   260 Macdonald Avenue,    Wyncote, PA 19095-2402
14419836        Citi Bank/Cavalry SPV,   c/o/ apothaker Scian P.C.,    520 Fellowship Rd Ste C306,
                 Mount Laurel, NJ 08054-3410
14419841        Wells Fargo card services,    PO Box 5412,   Carol Stream, IL 60197-5412
14419835        capital one bank,   c/o Ratchford Law Group PC,    54 Glenmaura National Blvd Ste 104,
                 Moosic, PA 18507-2101
14419839        roundpoint mortgage servicing corp,   PO Box 674150,   Dallas, TX 75267-4150
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Mar 07 2020 03:08:15     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept.,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 07 2020 03:07:23
                 Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 07 2020 03:08:09     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
14419837        EDI: DISCOVER.COM Mar 07 2020 07:53:00     Discover Bank,    PO Box 71084,
                 Charlotte, NC 28272-1084
14419838        EDI: WFNNB.COM Mar 07 2020 07:53:00     Jared/Comenity Bank,    PO Box 182273,
                 Columbus, OH 43218-2273
14419840        EDI: WFFC.COM Mar 07 2020 07:53:00     Wells Fargo Bank,    PO Box 6995,
                 Portland, OR 97228-6995
                                                                                             TOTAL: 6

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14419834       19-17087
                                                                                 TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 5, 2020 at the address(es) listed below:
```
              CAROL B. MCCULLOUGH    on behalf of Debtor Johntel  Clark mcculloughheisenberg@gmail.com,
               cbmccullough64@gmail.com
              GARY F. SEITZ    gseitz@gsbblaw.com,   gfs@trustesolutions.net;Jblackford@gsbblaw.com
              KEVIN G. MCDONALD    on behalf of Creditor   RoundPoint Mortgage Servicing Corporation
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 5
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Johntel Clark** | Social Security number or ITIN **xxx–xx–6636** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **19–17087–amc**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Johntel Clark

3/5/20

**By the court:**   <u>Ashely M. Chan</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**